78 F.3d 602
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ramon G. PEREZ, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7074.
 United States Court of Appeals, Federal Circuit.
 Jan. 30, 1996.
 
 Before RICH, Circuit Judge, NIES, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss this appeal for lack of jurisdiction. Ramon G. Perez has not responded.
 
 
 2
 The regional office denied Perez's request to reopen his claim for service connection in 1987. On September 28, 1988, the regional office received a letter from Perez that it treated as a notice of disagreement (NOD). In the September 28 letter, Perez indicated that he wished to appeal the denial of his request to reopen his claim. On November 7, 1988, the regional office issued the statement of the case. On November 22, 1988, the regional office received a letter from Perez acknowledging receipt of the statement of the case and stating that "[a]dmitted is the fact that I have filed a 'Notice of Procedural and Appellate Rights' ('Notice of Disagreement') according to your letter dated November 7, 1988." The Board of Veterans Appeals denied service connection on November 7, 1989.
 
 
 3
 The Court of Veterans Appeals dismissed Perez's case for lack of jurisdiction because Perez had not filed a NOD on or after November 18, 1988, noting that "[t]here can only be only valid NOD as to a particular claim." This appeal followed.
 
 
 4
 Under 38 U.S.C. § 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, § 7292(d) requires this court to dismiss the appeal. That section provides that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 In his informal brief, Perez contends that the Court of Veteran Appeals erred in determining that the September 28, 1988 letter was the NOD instead of the November 22, 1988 letter. Perez is thus seeking review of the Court of Veterans Appeals' factual determination. Indeed, Perez states in his informal brief that "[i]n determining jurisdiction the Court of Veterans Appeals applied the correct law but the application was on wrong facts." Because this court has no jurisdiction to conduct the sort of inquiry Perez seeks, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.